Argued and submitted October 10, 1983, affirmed February 8, reconsideration denied March 16, petition for review denied April 25, 1984 (297 Or 83)

MARCOTTE et al,
*Appellants,*

*v.*

FARMERS INSURANCE COMPANY
OF OREGON,
*Respondent.*

(39594; CA A27805)

675 P2d 1118

J. Michael Alexander, Salem, argued the cause for appellant. With him on the briefs was Burt, Swanson, Lathen, Alexander & McCann, Salem.

I. Franklin Hunsaker, Portland, argued the cause for respondent. With him on the brief were James L. Knoll, Joseph A. Geary, and Bullivant, Wright, Leedy, Johnson, Pendergrass & Hoffman, Portland.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

## YOUNG, J.

This is an action on a standard fire insurance policy issued by defendant. Plaintiffs appeal a summary judgment for defendant. The trial court, in a memorandum opinion, ruled that

"* * * plaintiffs should have followed their insurance policy and ORS 743.648 and demanded an appraisal, rather than filing this proceeding. They received no recovery in this action and therefore would not be entitled to attorney's fees under ORS 743.114."

Plaintiffs contend that it was error: (1) to grant summary judgment, because ORS 743.648 unconstitutionally deprives plaintiffs of their right to a jury trial; and (2) to deny attorney fees.

Because there are no genuine issues of material fact, we review to determine whether defendant is entitled to a judgment as a matter of law. ORCP 47C. In February, 1981, plaintiffs' home was damaged by fire, and they filed a proof of loss with defendant, their insurer. Thereafter, defendant tendered to plaintiffs a sum that it believed was due for the fire loss. The parties disagreed about the actual cash value of the dwelling and the amount of the loss, and plaintiff rejected the tender. When the tender was made, defendant reserved the right to demand an appraisal as provided by the policy and required by ORS 743.648.[1] Before the appraisal process was initiated, plaintiffs brought this action, seeking to recover the alleged value of the dwelling and their reasonable attorney

---

[1] ORS 743.648 provides:

"A fire insurance policy shall contain a provision as follows: 'In case the insured and this company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within 20 days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for 15 days to agree upon such umpire, then, on request of the insured or this company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and, failing to agree, shall submit their differences only, to the umpire. An award in writing, so itemized, of any two when filed with this company shall determine the amount of actual cash value and loss. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally.' "

fees under ORS 743.114. Defendant answered and affirmatively alleged that the action was barred until the parties had submitted their dispute over the amount of the loss to an appraisal. Plaintiffs' reply acknowledges that the policy requires an appraisal and that such a policy provision is required by ORS 743.648, and they agreed to an appraisal;[2] but they allege that, if the appraisal of the loss is binding, then ORS 743.648 violates Article 1, section 17, of the Oregon Constitution, which preserves the right to a jury trial in civil cases. Defendant moved for summary judgment on the basis that there were no issues of fact and that the court should decide, as a matter of law, that appraisal of the loss is binding and that there is no deprivation of the constitutional right to a jury trial.

Under *Director v. So. Carolina Ins.*, 49 Or App 179, 619 P2d 649 (1980), *rev den* 290 Or 551 (1981), the action was premature. In *Director,* the insured brought a declaratory judgment seeking a determination of the meaning and validity of various policy provisions relevant to fixing the amount of loss. The action was filed before the plaintiffs had complied with the appraisal provision in the policy. After judgment the plaintiffs submitted to an appraisal. They then petitioned the trial court for supplemental relief to declare the appraisal award invalid. They appealed the trial court's judgment on the merits and the denial of supplemental relief. We held that "completion of the statutory appraisal process was a condition precedent to plaintiffs' right to bring the action * * *." *Director v. So. Carolina Ins., supra,* 49 Or App at 181.

The present case is in the same posture as was the appeal of the denial of supplemental relief after the appraisal in *Director.* Defendant's answer affirmatively pleaded a bar to the action, and the reply acknowledged that appraisal is a condition precedent to bringing the action. The trial court correctly decided that plaintiffs should have proceeded with the appraisal process before filing the action.

Affirmed.

---

[2] The policy also provided, as required by ORS 743.660, that "[n]o suit or action on this policy for the recovery of any claim shall be sustainable * * * unless all the requirements of this policy shall have been complied with * * *."