Argued Oct. 19, decided Nov. 20 ; rehearing denied Dec. 12, 1911.

## WHITTEN *v.* GRISWOLD.

[118 Pac. 1018.]

PLEADING—DIFFERENT GROUNDS OF RECOVERY—ELECTION.

1. Where a complaint stated different grounds of recovery, defendant was entitled on motion, at any time before or during the progress of the trial, to compel plaintiffs to elect on which of the grounds they would proceed.

BROKERS—ACTION FOR COMMISSIONS—VALUE OF SERVICES.

2. Where, in a suit for brokers' commissions, plaintiffs' counsel gave notice that he elected to base plaintiffs' right to recover on a *quantum meruit,* and the testimony varied as to the amount on which commissions should be based, and as to the reasonable value of the services, the court erred in instructing that plaintiffs' claim was for services on an agreed compensation, and in omitting to submit the question of reasonable value to the jury.

From Multnomah: ROBERT G. MORROW, Judge.

Statement by MR. JUSTICE BEAN.

This is an action by F. C. Whitten and J. C. Bryant, copartners as Whitten & Bryant against M. C. Griswold, to recover $10,507.48, commission for the purchase of timber lands. From a judgment in favor of plaintiffs, defendant appeals.

The complaint alleges in substance the copartnership of plaintiffs; that defendant employed them as brokers to purchase certain timber lands, and that they were instrumental in obtaining an option for defendant to purchase certain tracts of land in Lane County, Oregon, at $25 per acre for 8,405.98 acres, aggregating $210,149.50; that it was agreed that the sum of $75,000 should be added to the purchase price, and that defendant, with his associates, should purchase the property at such enhanced price, one-third of the amount added to be paid to plaintiffs as their compensation for services rendered; that defendant agreed to pay plaintiffs all commissions accruing from the purchase of said lands; that, without the knowledge or consent of plaintiffs, defendant abandoned the purchase of these lands by himself and asso-

ciates for the sum of $285,149.50, and thereafter exercised said option, causing the lands to be conveyed to the Security Savings & Trust Company, of Portland, Oregon, and the sum of $210,149.50 to be paid therefor; that plaintiffs' services were the primary, efficient, and procuring cause of said contract of option and purchase, at the request of defendant; that the usual and customary commission upon the purchase of timber lands was five per cent of the purchase price; that plaintiffs performed all the conditions and covenants in the premises, and by reason thereof defendant became indebted to plaintiffs in the sum of $10,507.48.

Defendant answered, denying the complaint, with some exceptions, and alleging affirmatively, in effect, that he first learned of the tract of land mentioned in the complaint from Sherman & Harmon; that it was agreed between the three parties (Sherman & Harmon, plaintiffs, and defendant) that the latter should secure the option, and the parties endeavor to sell the land, all expenses and profits to be shared equally; that the $25 per acre was afterwards by agreement reduced to $22.50; that the parties tried to negotiate for the sale of the land, but failed; that plaintiffs promised to assist in cruising the land, as the terms of the option required, but neglected to do so until within one day of the expiration of the time therefor, and then, refusing to bear any of the necessary expense involved, or to have any part in the matter, withdrew from the agreement, advising defendant to that effect; that plaintiffs were thereby released from any further obligations under or connection with said agreement. Defendant states that he, with Sherman & Harmon, carried out the terms of the agreement and cruised the land, but, being unable to find a customer, he, with his associates, exercised the option, in part, in their own behalf and caused the title to be taken by the Security

Savings & Trust Company; that negotiations had not been completed as to part of the lands; that he offered to return to plaintiffs the sum of $20 advanced for expenses incurred.

Plaintiffs replied, denying the material allegations of the answer, in so far as they differed from those in the complaint. The cause was tried before a jury. Thereupon counsel for plaintiffs, in his opening statement and in the progress of the trial, stated that the action was brought to recover the reasonable value of plaintiffs' services, to which they were entitled by reason of the refusal of the defendant to carry out his part of an express contract between the parties.

Plaintiffs introduced evidence tending to show that they brought the tract of timber to the notice of defendant, and by virtue thereof the latter was enabled to secure an option and purchased the same. The reasonable commission for the purchase of timber lands was five per cent, and, further, an express contract for their employment and compensation in the matter had been made between themselves and defendant.

F. C. Whitten, one of the plaintiffs, testified to the effect that defendant, Griswold, made the following proposition: That if they would secure the tract of timber, he thought he was in a position, together with his associates, to purchase the same. In reference to their commission, Griswold said that he expected to be able to get from his associates an advance price of somewhere from fifty to seventy-five thousand dollars, and, as he would take but a small part of the land, he felt as though he ought to have a part of the commission, and proposed to keep one-third of the commission himself, pay Sherman & Harmon one-third, and Whitten & Bryant the remaining third. That was agreed upon between them. Griswold suggested "that he put it up to his associates at a price from fifty to seventy-five thousand dollars above the option price."

To the question: "This agreement for your profits out of this matter was, then, dependent upon your payment of one-third of the incidental expenses, and you were to secure one-third of the profits, is that correct?" he answered: "That was one part of the contract." He further asserted that the price, as nearly as he could figure, was about $210,000, and Griswold said that he expected to be able to sell the property at a price that would be from fifty to seventy-five thousand dollars above the $210,000. To the question: "What would have become of your commission if Mr. Griswold had been unable to negotiate a sale at all?" he answered: "There would have been no commission."

J. C. Bryant testified, in part, as to the commission that the sellers were not to pay any part thereof, and that the commission was to be added to the purchase price, and divided between Griswold, Sherman & Harmon, and Whitten & Bryant. It was thought that there was no doubt of getting from fifty to seventy-five thousand dollars above the cost. To the question: "Yes; and in the beginning you agreed to fifty or seventy-five thousand dollars to be added to the sale price?" he answered: "That was talked of as the commission that we thought we could make."

The evidence introduced on the part of defendant tended to show that the agreement provided that they should secure the option and a purchaser in common, each bearing one-third of the expenses and receiving one-third of the profits; that plaintiffs had refused to perform the agreement, and had expressly withdrawn therefrom. Further evidence was introduced by defendant, which was not contradicted, tending to show that the total amount of the land for which the option was obtained did not exceed 70,774.59 acres, and was purchased at $22.50 per acre, amounting to $174,928.27.

Sig. 11

At the conclusion of the testimony, counsel for defendant moved the court for a directed verdict, upon the grounds that no sufficient contract of employment had been proved, and that plaintiffs had abandoned the cause of action stated in the complaint, which motion was denied by the court and an exception saved.

The defendant assigns as error the instruction of the court to the jury, in substance, as follows: That the action was brought to recover an agreed and fixed compensation; that it was not an action to recover the reasonable value for such services; and that the jury should disregard all the evidence offered during the trial as to the usual and customary commission, to which instruction an exception was duly saved by defendant.

The jury returned and requested the court for information as follows:

"Are we, the jury, allowed to award the plaintiff any other sum than one-third of $50,000, or have we the right to designate the amount the plaintiffs should receive as a proper remuneration?"

The court instructed the jury as follows:

"As to your first ·question, I instruct you that you may award the plaintiffs one-third of any sum from $50,000 to $75,000 that you may find was to be added to the original purchase price of about $210,000, if, of course, you find that that was the agreement made. You are not limited to $50,000; but you may find one-third of any sum between $50,000 and $75,000 that you may find was the amount of the load."                    Reversed.

For appellant there was a brief over the names of *Messrs. Dolph, Mallory, Simon & Gearin* and *Mr. Richard W. Montague,* with oral arguments by *Mr. John M. Gearin* and *Mr. Montague.*

For respondents there was a brief over the names of *Messrs. Platt & Platt,* with an· oral argument by *Mr. H. G. Platt.*

MR. JUSTICE BEAN delivered the opinion of the court.

The statement in the brief of counsel for defendant "that there were allegations in the complaint and evidence before the jury which would sustain a finding that services had been rendered, and that there was no specific or enforceable agreement as to the amount, thus entitling plaintiffs to recover on a *quantum meruit,*" renders it unnecessary for this court to consider the motion of defendant for a directed verdict, and brings us to the matter of the instructions assigned as error.

Taking the allegations in the complaint as to the agreement for adding to the purchase price and dividing the amount that the price was to be enhanced for their compensation, together with the testimony of plaintiffs themselves, it is clear that it was according to their statement, a matter of speculation, and it was expected by the parties that they would be able to sell the land for an enhanced price, and in that way realize their compensation or commission for making the deal. The testimony of plaintiffs themselves clearly shows that, in so far as a fixed amount of commission is concerned, it was conditioned upon their ability, after taking the option, to make a sale of the timber lands at an enhanced price, and as the agreement for a fixed amount of compensation or commission was not sustained by any evidence, but was repudiated by plaintiffs, they must recover, if at all, upon a *quantum meruit*: *Gollnick* v. *Marvin,* 60 Or. 312 (118 Pac. 1016), decided November 14, 1911. In other words, in order for plaintiffs to recover on an express contract for a fixed compensation under the pleadings and evidence, giving the plaintiffs the most favorable view thereof, it would be necessary for the plaintiffs to show that a sale of the land was made, or could have been made, at an enhanced price over that named in the option.

1. If it be conceded that there were duplicate statements of the same cause of action, or statements of different grounds of recovery contained in the complaint, the defendant was entitled, on motion therefor, at any time before or during the progress of the trial, to have the plaintiff elect upon which ground or cause he would proceed. *Harvey* v. *Southern Pac.*, 46 Or. 505, 510 (80 Pac. 1061), quoting Pomeroy Code Rem. (4 ed.) §§ 467, 576. In this case, however, such motion was unnecessary, as the plaintiffs' counsel plainly indicated upon which ground he would porceed. The claim of plaintiffs seems to be that, by reason of the defendant's abandoning the arrangement to sell the land at an enhanced price, and purchasing it himself, thereby receiving the benefit of plaintiffs' services, they were entitled to a reasonable compensation therefor. It is a rule of pleading that a complaint must proceed upon some definite theory, and on that theory the plaintiff must recover, if at all. *Mescall* v. *Tully*, 91 Ind. 96; *Cottrell* v. *Aetna Life Insurance Co.*, 97 Ind. 311.

2. Counsel for defendant contend that plaintiffs are bound by the declaration made in court as to the nature of the liability upon which they seek to recover, and that the matter of the reasonable value of plaintiffs' services should have been submitted to the jury, and that it was error to instruct the jury that the plaintiffs' claim was for services upon an agreed compensation. We think the point is well taken. The testimony varied as to the amount upon which to base the commission, or as to the reasonable value of the services alleged to have been rendered by plaintiffs, and this question was not submitted to the jury. It was possible under the evidence, had the matter been so submitted, for the jury to have found a verdict at least $1,761 less than the amount of the judgment, after deducting the amount remitted by plaintiffs. *Barnes* v. *Quigley*, 59 N. Y. 265. A verdict

of $16,666.67 was returned, and afterwards plaintiffs filed a remittitur for the excess over $10,507.48, the amount demanded as a reasonable compensation, and judgment was entered for that àmount.  The judgment, therefore, is based upon a *quantum meruit*, without that question having been submitted to the jury.  Where there is a dispute as to the facts, or if there be no dispute as to the facts, but there may reasonably be a difference of opinion as to the inferences and conclusions deducible therefrom, it is the province of the jury to determine the question.  *Hedin* v. *Suburban R. R. Co.*, 26 Or. 155 (37 Pac. 540) ; *Connell* v. *McLoughlin*, 28 Or. 230 (42 Pac. 218).

Under the Constitution of Oregon (Article I, Section 17), providing that in all civil cases the right of trial by jury shall remain inviolate, we think the defendant was entitled to have this matter passed upon by a jury (*Shobert* v. *May*, 40 Or. 68: 66 Pac. 466: 55 L. R. A. 810: 91 Am. St. Rep. 453: *Elder* v. *Rourke*, 27 Or. 363: 41 Pac. 6), and that the trial court erred in giving the instruction excepted to by defendant.

It follows that the judgment of the lower court must be reversed, and the cause remanded for a new trial.

REVERSED.