Argued and submitted June 26, 1985, reversed and remanded February 12,
reconsideration denied May 9, petition for review allowed July 1, 1986 (301 Or 320)

MOLODYH,
*Appellant,*

*v.*

TRUCK INSURANCE EXCHANGE et al,
*Respondents.*

(149,522; CA A33853)

714 P2d 257

J. Michael Alexander, Salem, argued the cause for appellant. With him on the briefs was Burt, Swanson, Lathen, Alexander & McCann, Salem.

I. Franklin Hunsaker, Portland, argued the cause for respondents. With him on the brief were James L. Knoll, Michael R. Seidl and Bullivant, Houser, Bailey, Hanna, Pendergrass, Hoffman, O'Connell & Goyak, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

In this action on a fire insurance policy, plaintiff, the insured, appeals from a judgment for defendants, the insurers, following the granting of defendants' motion for summary judgment. He contends that ORS 743.648 unconstitutionally deprives him of his right to jury trial as guaranteed by Article I, section 17, of the Oregon Constitution. The statute provides:

"A fire insurance policy shall contain a provision as follows: 'In case the insured and this company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within 20 days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for 15 days to agree upon such umpire, then on request of the insured or this company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this company shall determine the amount of actual cash value and loss. Each appraiser shall be paid by the party selecting him and the expenses of appraisal and umpire shall be paid by the parties equally.' "

Plaintiff's property was damaged by fire in February, 1983. It was insured under a policy issued by defendants, which included the arbitration provision required by ORS 743.648. In April, 1983, plaintiff's attorney sent a letter to defendants' attorney demanding, pursuant to that provision, an appraisal of the fire loss to his property. The policy required that no action could be commenced unless and until all of its requirements had been met.[1] Later, he submitted a

---

[1] Plaintiff's demand to proceed with the statutorily mandated appraisal process did not represent a voluntary waiver of his right to jury trial, because ORS 743.660 has been interpreted as requiring that an insured submit to the appraisal process under ORS 743.648 before bringing an action on the insurance contract. ORS 743.660 provides that all fire insurance policies contain this provision: "No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with." See *Marcotte v. Farmers Insurance Co.*, 66 Or App 928, 675 P2d 1118, *rev den* 297 Or 83 (1984); *Director v. So. Carolina Ins.*, 49 Or App 179, 181-85, 619 P2d 649 (1980), *rev den* 290 Or 551 (1981).

sworn proof of loss to defendants, claiming losses in the amount of $21,900. In response, defendants tendered payment of $14,364.76, which amount reflected defendants' assessment of the actual cash value of the property destroyed, $12,452.26, plus lost rent of $2,012.50. Plaintiff accepted payment of those amounts, reserving, however, the right to challenge the extent of loss and any subsequent appraisal award by having the loss determined by a jury in an action on the policy. In accordance with ORS 743.648, each party selected an appraiser and agreed upon an umpire.

Thereafter, an appraisal hearing was held and the resulting award filed with defendants. The award appraised the loss at $13,268. Defendants then paid plaintiff $915.74, representing the difference between the amount previously paid (minus the amount allotted to lost rent) and the award. Plaintiff then commenced this action on the policy, seeking to have the loss determined by a jury. The trial court ruled that the award was determined in accordance with the statutorily required arbitration provision contained in the insurance contract and, therefore, was binding on the parties.

The inclusion of arbitration clauses in insurance contracts has a long history in this state and elsewhere. *See, e.g., Stemmer v. Insurance Company,* 33 Or 65, 49 P 588, 52 P 498 (1898). Relying on the assumption that contracting parties consent to the inclusion of the various provisions contained in a contract, the courts consistently have held that arbitrated awards are free from judicial review in the absence of allegations of one of the statutory grounds, such as fraud or misconduct. In *Lincoln Const. v. Thomas J. Parker & Assoc.,* 289 Or 687, 692, 617 P2d 606 (1980), the Supreme Court said:

> "Parties to contracts often provide for resolution of disputes by a skilled, neutral third person. The rationale is that a quick resolution of their differences is commercially more practicable than a potentially expensive lawsuit. When a contract clearly expresses that a third person is to make final decisions respecting specified matters, such agreement is enforceable. Such third person's determination is final, absent a showing of fraud, bad faith, or a failure to exercise honest judgment." (Citation omitted.)

In *Schnitzer v. So. Carolina Ins.,* 62 Or App 300, 304, 661 P2d 550 (1983), we held that awards arbitrated under the mandate

of ORS 743.648 are no exception to the general rule: "In the absence of a claim of fraud or misconduct by the appraisers, an appraisal award is not reviewable."

Plaintiff contends, however, that the mandatory nature of ORS 743.648 renders the statute unconstitutional, because it deprives defendants of their constitutionally protected right to trial by jury without their consent. In Oregon, the right to have questions of fact in civil cases determined by a jury is guaranteed by Article I, section 17, of the Oregon Constitution, which provides that "[i]n all civil cases the right to Trial by Jury shall remain inviolate." That provision preserves the right to a jury trial in all classes of actions for which the right was customary at the time the constitution was adopted. *Moore Mill & Lbr. Co. v. Foster,* 216 Or 204, 225, 336 P2d 39, 337 P2d 810 (1959); *State v. 1920 Studebaker Touring Car et al.,* 120 Or 254, 251 P 701 (1927). Actions on contract represent such a class. The right is not absolute, however, and may be waived by the consent of the contracting parties. *Reade v. Pacific Supply Association,* 40 Or 60, 65, 66 P 443 (1901); *see also Evanhoff v. State Industrial Acc. Com.,* 78 Or 503, 154 P 106 (1915).

■ Defendants contend that plaintiff consented to inclusion of the mandated arbitration provision and therefore voluntarily waived the right to trial by jury. Plaintiff argues, however, that, because of the economic necessity to insure all valuable structures against fire and other casualties, no realistic alternative to taking out a fire insurance policy containing, either physically or by operation of law, the mandated provision existed. Consequently, he argues that he cannot be bound constitutionally by the arbitrated award. We agree with plaintiff.

In this day and age, fire insurance coverage is a necessity of both private and business life. Lending institutions invariably require that improved real property securing the repayment of mortgage loans be insured. Furthermore, escalating building costs often pose an insurmountable barrier to rebuilding uninsured buildings destroyed by fire. Therefore, to say that one has a voluntary choice whether or not to purchase fire insurance ignores economic reality.

Defendants cite several cases from other jurisdictions upholding similar statutory provisions. In *In Re Opinions of*

*Justices,* 97 M 590, 55 A 828 (1903), the court relied on the power of the state to control corporations, including the complete power to limit or destroy the right of a corporation to make contracts. In *Appalachian Ins. Co. v. Rivcom Corp.,* 130 Cal App 3d 818, 182 Cal Rptr 11 (1982), the court ruled that, because the compulsory binding appraisal provision did not preclude the insured from having a jury trial if the insurer refused to pay the award, the statute did not deny it the right to a jury trial.

The reasoning in neither of those cases is persuasive. In Oregon, the legislature's power to regulate corporations or the business of insurance is not absolute.[2] In *Herbring v. Lee,* 126 Or 588, 596, 269 P 236 (1928), the court said:

"While the general power of a state to * * * regulate foreign corporations seeking to do business within its borders is undoubted, the exercise of such power by particular statutes is subject to all applicatory constitutional provisions contained in either the state or the federal Constitution."

The constitutional right to trial by jury, therefore, may not be vitiated under the guise of the power to regulate corporations or the fire insurance business, whether engaged in by corporate or noncorporate insurers.

Insurance policies, after all, are contracts providing for the payment of money under stated circumstances, the amount required to be paid being governed by the formula stated in the policy. There is no doubt that the parties may *voluntarily* agree to binding appraisal or arbitration to resolve a dispute as to how much is owing under the contract, or that a provision requiring appraisal in the event of a valuation dispute is valid and enforceable. *Budget Rent-A-Car v. Todd Investment Co.,* 43 Or App 519, 603 P2d 1199 (1979).

However, this is not such a case. Whether or not the binding appraisal agreement is printed in the insurance contract, the statutory provision is a part of it as a matter of law.

---

[2] There is no question as to the constitutionality of the state's general power to regulate insurance. *Calif Auto. Ass'n. v. Maloney,* 341 US 105, 71 S Ct 601, 95 L Ed 788 (1951).

ORS 743.606.[3] The contract is one of adhesion in its purest sense. Accordingly, it cannot be said that plaintiff agreed to the provision, unless defendants are correct in their contention that plaintiff, by voluntarily taking out insurance, must be deemed to have accepted all of the policy provisions. We have already disposed of that contention; it is unrealistic to say that anyone may acquire improved real property, or construct improvements on property, without casualty insurance.

We have no doubt that the legislature may permit binding appraisal provisions, may require that such an appraisal process be followed before an action is brought on the policy and may provide that, if an action is brought, the appraisal may be admitted in evidence. However, in the absence of a valid binding appraisal agreement, the value of a loss caused by fire is an appropriate question of fact for a jury. *See, e.g., Herbring v. Lee, supra; see generally Shepard & Morse Lbr. Co. v. Collins,* 198 Or 290, 256 P2d 500 (1953); *Budget Rent-A-Car v. Todd Investment Co., supra.*

■ Arbitration or appraisal provide parties to a contract dispute a substitute method of resolving disputes that may avoid the expense and delay of litigation. Thus, they serve a strong public policy interest. *Director v. So. Carolina Ins., supra,* n 1. Consequently, it is appropriate for the legislature to encourage contracting parties to include such clauses in their agreements.[4] The promotion of policy concerns, however, does not justify depriving persons of their state constitutional right to trial by jury. ORS 743.648, by providing that every prospective insured must accept binding arbitration or go unprotected against loss caused by fire, deprives them of that right. ORS 743.648 is, therefore, unconstitutional.

Because plaintiff did not have an opportunity to

---

[3] ORS 743.606 provides:

"Except as provided in ORS 743.607, no fire insurer, its officers or agents, shall use any fire insurance policy or renew any fire insurance policy on property in this state unless it contains the provisions set forth in ORS 743.609 to 743.663, which shall form a portion of the contract between the insurer and the insured."

[4] In upholding a similar Michigan statute attacked on federal due process grounds, the United States Supreme Court found that the state legislature had not made an arbitrary or unreasonable policy choice. *Hardware Dealers Mut. Fire Ins. v. Glidden Co.,* 284 US 151, 52 S Ct 69, 76 L Ed 214 (1931).

enter into a valid fire insurance contract that did not include the statutorily mandated arbitration provision, he did not voluntarily waive his right to have the value of his fire loss determined by a jury. Accordingly, he is entitled to maintain this action to seek a determination from a jury concerning the value of his loss.

Reversed and remanded.