Argued and submitted September 4, 1986, Court of Appeals affirmed, trial court reversed and remanded for further proceedings November 3, 1987

# MOLODYH,
*Respondent on Review,*

*v.*

# TRUCK INSURANCE EXCHANGE et al,
*Petitioners on Review.*

## (TC 149,522; CA A33853; SC S32789)

744 P2d 992

I. Franklin Hunsaker, Portland, argued the cause for petitioners on review. With him on the petition and the court-requested supplemental brief were James L. Knoll and Bullivant, Houser, Bailey, Hanna, Pendergrass, Hoffman, O'Connell & Goyak, Portland.

J. Michael Alexander, Salem, argued the cause for respondent on review. With him on the response to the petition for review and the court-requested supplemental brief was Burt, Swanson, Lathen, Alexander & McCann, Salem.

Before Peterson, Chief Justice, and Linde, Campbell, Carson, Jones and Gillette, Justices.

CARSON, J.

## CARSON, J.

This case involves an action on a fire insurance policy. We are asked to determine whether ORS 743.648, which sets forth an appraisal procedure[1] in the event of a dispute over the actual cash value or the amount of the loss, violates Article I, section 17, of the Oregon Constitution[2] because it deprives an insured of the right to a jury trial.

The facts are not disputed. Plaintiff owned property which was damaged by fire on February 7, 1983. The property was insured by defendants under a multi-risk policy which included standard fire coverage. Plaintiff submitted a proof of loss, claiming $21,900. Defendants estimated the property loss to be $12,452.26 and lost rents to be $2,012.50 and tendered these amounts instead. An appraisal then was demanded under the terms of plaintiff's policy.[3] This appraisal provision was in accord with ORS 743.648.

The loss was submitted to appraisal. Each side selected its own appraiser, and the appraisers selected an umpire. Following a hearing, one appraiser and the umpire awarded plaintiff $13,268 as property damage. Defendants tendered the difference between the earlier property loss payment and the appraisal award. Plaintiff then filed this action seeking to have a jury determine the amount of loss to his property.

In the circuit court, defendants moved for summary judgment. They relied upon the prior appraisal award as binding on the parties. The circuit court granted defendants' motion, entered judgment, and plaintiff appealed. The Court of Appeals reversed and remanded the case for trial, holding that the mandatory nature of the appraisal provision deprived plaintiff of his state constitutional right to a jury trial.

---

[1] The purpose of this section of the statute is to determine only the cash value or the amount of the loss and does not provide arbitration to determine the insurer's liability or other matters under the policy.

[2] Article I, section 17, of the Oregon Constitution states:

"In all civil cases the right of Trial by Jury shall remain inviolate."

[3] The record is not clear as to who "demanded" the appraisal. In his complaint, plaintiff alleges that defendants "requested" the appraisal, which allegation was admitted in defendants' answer. However, in their first affirmative defense, defendants allege that plaintiff initiated the appraisal process. Later, by affidavit, defendants assert that plaintiff's lawyer gave notice by letter of plaintiff's demand for appraisal. Plaintiff subsequently did not contend otherwise.

*Molodyh v. Truck Insurance Exchange,* 77 Or App 619, 625, 714 P2d 257 (1986). We accepted review to determine whether the appraisal clause mandated by state law violates plaintiff's right to a jury trial as guaranteed by Article I, section 17, of the Oregon Constitution.[4]

Oregon's Insurance Code requires that certain provisions be included in all insurance policies providing fire coverage. ORS 743.606.[5] One such provision is the ORS 743.648 appraisal clause. That statute provides:

"A fire insurance policy shall contain a provision as follows: 'In case the insured and this company shall fail to agree as to the actual cash value or the amount of loss, then, on the written demand of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within 20 days of such demand. The appraisers shall first select a competent and disinterested umpire; and failing for 15 days to agree upon such umpire, then, on request of the insured or this company, such umpire shall be selected by a judge of a court of record in the state in which the property covered is located. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this company shall determine the amount of actual cash value and loss. Each appraiser shall be paid by the party selecting the appraiser and the expenses of appraisal and umpire shall be paid by the parties equally.' "

Plaintiff's multi-risk policy[6] contained this provision.

---

[4] Defendants contend that plaintiff's constitutional argument should not have been considered by the Court of Appeals. Defendants themselves raised this issue in their motion for summary judgment. We deem the argument as one presented to the trial court, *compare Cook v. City of Portland,* 35 Or 383, 385, 58 P 353 (1899), and as one upon which the circuit court had an opportunity to rule, *see Vancil v. Poulson,* 236 Or 314, 388 P2d 444 (1964).

[5] ORS 743.606 provides:

"Except as provided in ORS 743.607, no fire insurer, its officers or agents, shall use any fire insurance policy or renew any fire insurance policy on property in this state unless it contains the provisions set forth in ORS 743.609 to 743.663, which shall form a portion of the contract between the insurer and the insured."

[6] Defendants argue that the Court of Appeals erred in concluding that ORS 743.648 requires every prospective insured to accept binding appraisal or forego fire insurance coverage. In short, their argument is that in this case the appraisal provision may not have been statutorily mandated because of ORS 743.607 and the nature of the

Plaintiff argues that the appraisal is a condition precedent to an action on the policy, but that it is non-binding. Defendants, however, contend that ORS 743.648 has a different effect. They argue that the appraisal clause mandated by statute binds the parties as to the appraisal's determination of actual cash value and loss.

In *Director v. So. Carolina Ins.*, 49 Or App 179, 619 P2d 649 (1980), a case wherein the insurer had demanded appraisal, the Court of Appeals held that the "completion of the statutory appraisal process was a condition precedent to plaintiff's right to bring the action" for a declaratory judgment when ORS 743.648 is read with ORS 743.660.[7] 49 Or App at 181. Later, the Court of Appeals, in a case wherein the record is unclear whether a demand for appraisal was made by either party, again held that the provision is a condition precedent to litigation. *Marcotte v. Farmers Insurance Co.*, 66 Or App 928, 675 P2d 1118 (1984). In a second appeal involving the same facts as *Director,* the Court of Appeals held that an appraisal award may not be reviewed absent fraud or misconduct by the appraisers. *Schnitzer v. So. Carolina Ins.*, 62 Or App 300, 304, 661 P2d 550, *appeal dismissed* 295 Or 259, 705 P2d 1157 (1983). These cases in effect make appraisal awards mandatory and binding and raise a question as to whether the

---

policy in question.

ORS 743.607 provides:

"Any insurance policy that includes, either on an unspecified basis as to coverage or for a single premium, coverage against the peril of fire and substantial coverage against other perils need not comply with the provisions of ORS 743.606, if such policy:

"(1) Affords coverage with respect to the peril of fire, not less than the substantial equivalent of the coverage afforded by the provisions of the standard fire insurance policy as required by ORS 743.606.

"(2) Contains, without change, the provisions relating to mortgagee interests and obligations as required for the standard fire insurance policy by ORS 743.606; and

"(3) Is complete as to all its terms without reference to the standard fire insurance policy or any other policy."

We are unable to assess the validity of defendants' argument due to the inadequacy of the record below on this point.

[7] ORS 743.660 provides:

"A fire insurance policy shall contain a provision as follows: 'No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within 12 months next after inception of the loss.' "

appraisal process, so interpreted, violates Article I, section 17, by depriving plaintiff of a jury trial.

Before addressing the pivotal issue of whether the appraisal provision is mandatory and binding, we deal with defendants' contention that, even if the appraisal provision is mandatory and binding, plaintiff's right to a jury trial is not violated. Defendants espouse three alternative reasons to justify this contention: (1) Plaintiff waived his right to a jury trial; (2) There is an historical exception to a right to trial by jury for the appraisal process; or (3) Plaintiff retains a right to a jury trial on all issues except the amount of loss.

## 1. WAIVER

Defendants argue that plaintiff waived his right to a jury trial by voluntarily entering into the insurance contract containing the ORS 743.648 appraisal provision. We find this argument unpersuasive. The appraisal provision is required in all fire insurance policies sold in Oregon. Plaintiff did not bargain for or consent to its inclusion. If plaintiff wanted fire insurance, he had to take it on the terms dictated by the legislature. The legislature cannot itself "waive" plaintiff's right to a jury trial by requiring the inclusion of such provisions in insurance policies.

## 2. HISTORICAL EXCEPTION

Defendants next contend that plaintiff is not entitled to a jury trial because Article I, section 17, does not apply to appraisals. Defendant is correct in stating that Article I, section 17, does not give plaintiff a right to a jury trial in *all* civil matters. That right is impliedly limited, for example, by Article VII (Amended), section 3, which states in part that "[i]n actions at law, where the value in controversy shall exceed $200, the right of trial by jury shall be preserved." This court also has stated that a jury trial is guaranteed only in those classes of cases in which the right was customary at the time the constitution was adopted or in cases of like nature. *Cornelison v. Seabold,* 254 Or 401, 404-405, 460 P2d 1009 (1969); *see also State v. 1920 Studebaker Touring Car, et al,* 120 Or 254, 259, 251 P 701 (1927); *Tribou v. Strowbridge,* 7 Or 156, 158 (1879). We must, therefore, decide whether plaintiff had a well-established right to have a jury determine the amount of

damages in an action on an insurance policy when our constitution was adopted.[8]

The jury traditionally has determined whether a breach occurred and the consequent amount of damages in a contract action. *See* General Laws of Oregon, ch 2, § 214, p 192 (Civ Code) (Deady 1845-1864); *Whitten v. Griswold,* 60 Or 318, 118 P 1018 (1911). A party always has been able, however, to waive his or her right to have a jury decide the issues. *See* General Laws of Oregon, *supra,* at § 218. For this reason, common law courts long have favored appraisal clauses in contracts. *See Stemmer v. Insurance Company,* 33 Or 65, 49 P 588, 53 P 498 (1898). But, as a review of our early caselaw shows, in all instances in which appraisals were upheld, the provision was entered into voluntarily.[9] We find only one instance in which the legislature abrogated a party's right to a jury trial prior to the adoption of the constitution. In that instance, the trial court might, upon its own motion or either party's application, direct a referee to examine a "long account" or for the information of the court in a special proceeding. General Laws of Oregon, *supra,* at § 219, p 193.

Plaintiff here has assumed that this case was an action on a contract and therefore carried with it the right to trial by jury. This assumption is not unfounded because a jury trial on factual issues concerning an insurance policy long has been an established practice in this country. *See Grant v. The Lexington Fire, Life & Marine Insurance Company,* 5 Ind 23 (1854) (action of assumpsit to recover on an insurance policy tried to a jury); *Field v. Ins. Co. of North America,* 3 Md 244 (1852) (action of covenant brought to recover upon an insurance policy for damage to goods at sea); *Vatton v. National Ass. Co.,* 22 Barb (NY) 9 (1854) (action to recover upon life insurance policy tried to jury on questions of whether policy was obtained by fraud or whether a false warranty was made). It is conceivable that another procedure for settling disputed insurance claims could be substituted for a contract action, as has occurred with some other formerly contractual disputes.

---

[8] In terms of a statutory analogue, it appears that the appraisal procedure prescribed in ORS 743.648 had its Oregon statutory beginning by legislative enactment in 1907. Or Laws 1907, ch 137, § 1.

[9] *See, e.g., Stemmer v. Insurance Company,* 33 Or 65, 49 P 588, 53 P 498 (1898); *Ball v. Doud,* 26 Or 14, 37 P 70 (1894).

But, as long as this form of dispute is tried as an action at law, a jury trial is required.

We conclude that neither legislative antecedent nor caselaw supports defendants' argument for an historical exception for appraisals.

### 3. JURY TRIAL ON OTHER ISSUES

Finally, defendants ask us to adopt the reasoning of other jurisdictions which have held that an insured gives up his or her right to have a jury decide only the amount of loss while retaining the right to a jury trial on all other issues. *Appalachian Insurance Co. v. Rivcom Corp.,* 130 Cal App 3d 818, 182 Cal Rptr 11 (1982), is a recent example of this line of reasoning.[10]

In *Appalachian,* the California Court of Appeals stated:

"This established and court-approved statutory procedure is challenged by Rivcom, as depriving it of its right to jury trial. It must be kept in mind that the *only* thing that the appraisers do is to set the amount of loss under the policy. Even if the Appraisal Clause is specifically enforced, Rivcom retains its opportunity to pursue its separate civil action * * * against all defendants named and on all theories stated therein. If the provision for fixing the amount of loss is followed and Appalachian does not pay the amount, Rivcom might maintain a separate action based on such failure.

"Thus, Rivcom is not without jury trial rights. It simply has no jury trial right as regards the setting of the dollar amount of the loss under the policy, where the Legislature has established a standard form of policy providing for a particular procedure to be followed in one narrow aspect of the claim process. To hold otherwise would be to do violence to a long-standing and well settled body of law, where there is no reason to do so." *Id.* at 825. (Emphasis in original.)

This reasoning is unpersuasive. Our constitution provides that the right to jury trial "shall remain inviolate." This right includes having a jury determine all issues of fact, not

---

[10] The statute, Cal Ins Code § 2071 (West 1972), and the constitutional provision, Article 1, section 16, of the Constitution of California, ruled on by the court in *Appalachian Insurance Co. v. Rivcom Corp.,* 130 Cal App 3d 818, 182 Cal Rptr 11 (1982), are nearly identical to the provisions in question here.

just those issues that remain after the legislature has narrowed the claims process. In many instances, the amount of the loss will be the only disputed issue.

Because we conclude that the alternative reasons relied upon by defendants are not persuasive, we turn to consider whether the appraisal provision is to be construed as mandatory and binding and thereby offensive to Article I, section 17. If we conclude that the appraisal provision is either not mandatory (permissive) or non-binding, the constitution is not offended.

## A. *MANDATORY/PERMISSIVE NATURE*

The statute (and the parallel policy provision) provides that "[i]n case the insured and this company shall fail to agree * * * then, *on the written demand of either,* each shall select a competent and disinterested appraiser." (Emphasis added.) ORS 743.648 does not require an appraisal in *all* cases in which the amount of loss is disputed. It is only when a party makes a written demand that the claim must be submitted to appraisal. *See* 1943 New York Standard Fire Ins Policy, 1953 ABA Sec of Ins Law Annot, ch 17, § 5;[11] Gwertzman, A Legal Analysis of the Appraisal Agreement 12 (1957).

■ We thus conclude that, at least initially, the appraisal provision is permissive. That is, litigation may be commenced without invocation of the appraisal process. It is not a condition precedent to litigation and compliance with the appraisal provision is not required by the policy or statute to litigate a claim. To the extent that the decision of the Court of Appeals in *Marcotte v. Farmers Insurance Co., supra,* can be read to hold that the appraisal procedure is mandatory in all circumstances, the decision is incorrect and is expressly disapproved. It is only when one party demands an appraisal that the process becomes mandatory and, to that extent, becomes a condition precedent to sustaining any claim in court. To the demanding party the process is permissive. However, to the non-demanding party the process is mandatory, once invoked. Thus, for purposes of constitutional analysis, the process is mandatory for the non-demanding party.

---

[11] Oregon has adopted and uses the 1943 New York Standard Fire Insurance Policy with minor modifications. ORS 743.609 to 743.663.

## B. *AWARD BINDING/NONBINDING*

Because one party to the contract may unilaterally, by written demand, make the appraisal process mandatory, we must next determine whether the resulting appraisers' award is binding and conclusive on the parties. If it is binding, it runs afoul of Article I, section 17.

Part of the appraisal provision (both statute and policy) states that the appraisal award "shall determine the amount of actual cash value and loss." Although not free from doubt, the provision appears to contemplate that the award is binding. The Court of Appeals so concluded in *Schnitzer v. So. Carolina Ins., supra.*

■ As to the demanding party, because the appraisal provision is permissive as to that party, the conclusion that the award is binding does not offend the constitutional right to trial by jury. The party demanding the appraisal cannot be heard to complain if unhappy with the award. The appraisers are a tribunal of his own choice and the award is binding upon him. However, to so conclude in respect of the non-demanding party, to which the appraisal provision is mandatory, would offend the right to jury trial. One party may not unilaterally decide to have someone other than a jury determine the issues and thereby destroy the other's right to a jury trial.

■ When a constitutional provision, such as Article I, section 17, prevents a statute from applying to persons or situations to which the statute may have been meant to apply, this court will not declare the statute unconstitutional. Instead, we will hold that the statute was not intended to apply to the persons or situations in question. *Northup v. Hoyt,* 31 Or 524, 49 P 754 (1897). In doing so, we act with the presumption that the legislature did not intend to violate the constitution. 31 Or at 529. To save the statute at issue here, ORS 743.648, from running afoul of Article I, section 17, we therefore construe the provision as non-binding in respect of the non-demanding party.

### DISPOSITION

Under this interpretation of ORS 743.648, a party that demands appraisal will be deemed to have consented voluntarily to the appraisal process and the appraisal award will be binding upon that party.

From the material submitted of record in this case, it is apparent that plaintiff, in demanding arbitration, was following the condition precedent of appraisal requirement established by the Court of Appeals in *Marcotte v. Farmers Insurance Co., supra.* Plaintiff continued to assert his right to a jury trial throughout this litigation. Consequently, plaintiff remains entitled to a jury trial on this issue.

The decision of the Court of Appeals is affirmed, but upon different grounds. The trial court is reversed. The case is remanded to the trial court for further proceedings consistent with this opinion.