**Thomas E. MITTENDORF, Plaintiff,**

v.

**STONE LUMBER COMPANY,
an Illinois corporation,
Defendant.**

**No. CV 94–225–PA.**

United States District Court,
D. Oregon.

May 31, 1994.

---

Michael G. Hanlon, Portland, OR, for plaintiff.

William F. Martson, Jr., Steven M. Wilker, Tonkon, Torp, Galen, Marmaduke & Booth, Portland, OR, and Aaron E. Hoffman, Stuart Duhl, and David Kaplansky, Schwartz & Freeman, Chicago, IL, for defendant Stone Distribution Co.

**OPINION**

PANNER, District Judge.

Plaintiff Thomas E. Mittendorf brings this action for declaratory relief against defendant Stone Lumber Co. Defendant employed plaintiff as a lumber trader.

Defendant moves to dismiss for lack of subject matter jurisdiction and failure to state a claim. I grant defendant's motion to dismiss and deny the parties' discovery motions as moot.

**BACKGROUND**

Plaintiff is an Oregon citizen. Defendant is an Illinois corporation with its principal place of business in Chicago. On June 15, 1992, defendant employed plaintiff as a lumber trader in Beaverton, Oregon. Plaintiff traded lumber with customers throughout the United States.

On December 16, 1992, defendant required plaintiff to execute an Employee Commission Agreement in Chicago. The agreement shows that plaintiff had considerable independence as a broker and salesman. Defendant authorized plaintiff to purchase, sell, deliver, and hold lumber and building prod-

ucts. Defendant provided financing for plaintiff's customer accounts.

The Agreement also provided:

> 7. *Arbitration*
>
> Stone and Employee shall submit all disputes arising out of this Agreement to binding arbitration before the American Arbitration Association in Chicago, Illinois. Any arbitration award shall be enforceable in the courts of the State wherein the party against whom enforcement is sought resides.
>
> 8. *Invalid Provisions; Governing Law; Jurisdiction*
>
> This Agreement shall be governed by the laws of the State of Illinois.... With respect to all controversies for which arbitration is not available, such controversies shall be heard in a court of competent jurisdiction in Chicago, Illinois. Cost of travel is paid by whoever loses case.

Complaint, Exh. A, at 5.

On August 20, 1993, plaintiff wrote defendant that he was terminating his employment immediately "[b]y reason of Stone Lumber Company's numerous material breaches of the Employee Commission Agreement." *Id.,* Exh. B, at 1. In his complaint, plaintiff alleges that defendant failed to provide monthly commission statements, repay expenses, or account accurately for profits from futures trading.

In December 1993, defendant started arbitration under the rules of the American Arbitration Association (AAA). Defendant seeks $143,815.17 from plaintiff in that proceeding.

On February 2, 1994, plaintiff wrote the AAA, stating that it had no jurisdiction because plaintiff had terminated his agreement with defendant in August 1993. On February 28, 1994, the AAA notified plaintiff that it would proceed with arbitration absent a court order staying the arbitration.

## STANDARDS

The court should not grant a motion to dismiss for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no facts in support of the claim. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). The court should construe the complaint in the light most favorable to the plaintiff. *Rosen v. Walters,* 719 F.2d 1422, 1424 (9th Cir.1983). A motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) may attack the substance of the complaint's jurisdictional allegations even though the allegations are formally sufficient. *St. Clair v. City of Chico,* 880 F.2d 199, 201 (9th Cir.), *cert. denied,* 493 U.S. 993, 110 S.Ct. 541, 107 L.Ed.2d 539 (1989).

## DISCUSSION

### I. Federal Arbitration Act

The Federal Arbitration Act (Act) applies to contracts involving foreign or interstate commerce. 9 U.S.C. §§ 1, 2. Section 1 of the Act exempts "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1.

Plaintiff contends that section 1 exempts all employment contracts. Neither the United States Supreme Court nor the Ninth Circuit has resolved this issue. *See Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 25 n. 2, 111 S.Ct. 1647, 1651 n. 2, 114 L.Ed.2d 26 (1991); *Mago v. Shearson Lehman Hutton Inc.,* 956 F.2d 932, 934 (9th Cir.1992). The circuit courts have disagreed. *Compare Dickstein v. duPont,* 443 F.2d 783, 785 (1st Cir.1971) (section 1 exempts employment contracts only for transportation workers); *Erving v. Virginia Squires Basketball Club,* 468 F.2d 1064, 1069 (2d Cir.1972) (same); *Tenney Eng'g, Inc. v. United Elec. Radio & Mach. Workers,* 207 F.2d 450, 452 (3d Cir. 1953) (same) *and Miller Brewing Co. v. Brewery Workers Local No. 9,* 739 F.2d 1159, 1162 (7th Cir.1984) (same), *cert. denied,* 469 U.S. 1160, 105 S.Ct. 912, 83 L.Ed.2d 926 (1985) *with United Elec. Radio & Mach. Workers v. Miller Metal Prods.,* 215 F.2d 221, 224 (4th Cir.1954) (Congress did not intend Federal Arbitration Act to cover employment contracts) *and Willis v. Dean Witter Reynolds, Inc.,* 948 F.2d 305, 312 (6th Cir.1991) (same) (dictum).

As usual, the legislative history is inconclusive. *Signal–Stat Corp. v. Local 475, United Elec., Radio and Mach. Workers,* 235 F.2d 298, 302 (2d Cir.1956), *cert. denied,* 354 U.S. 911, 77 S.Ct. 1293, 1 L.Ed.2d 1428 (1957). *Compare Gilmer,* 500 U.S. at 39–40, 111 S.Ct. at 1659–1660 (Stevens, J., dissenting) (legislative history shows that Congress intended to exempt all employment contracts) *and Willis,* 948 F.2d at 311 (same) *with Scott v. Farm Family Life Ins. Co.,* 827 F.Supp. 76, 78 (D.Mass.1993) (legislative history shows that Congress intended to limit exemption to transportation workers). I will look to the statute itself.

■ Defendant construes the word "commerce" narrowly in section 1's exemption, arguing that only employment contracts for workers directly involved in interstate commerce are exempt. However, defendant would interpret the word "commerce" broadly when it appears elsewhere in the Act. Courts should interpret a word consistently throughout a statute. *See* Archibald Cox, *Grievance Arbitration in the Federal Courts,* 67 Harv.L.Rev. 591, 599 (1954). I see no critical difference between the phrase "engaged in foreign or interstate commerce" in section 1, and the phrase "involving commerce" in section 2.

■ Of course, had Congress intended to exempt all employment contracts from the Arbitration Act, it would have been simpler just to say so, rather than using the phrase, "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1. However, because Congress was exercising the full extent of its power over interstate commerce, the exception for "any other class of workers engaged in foreign or interstate commerce" should have the same broad scope. *See Miller Metal Prods.,* 215 F.2d at 224. The Federal Arbitration Act does not govern employment contracts. (Although I may have indicated at oral argument that I agreed with defendant on this issue, I changed my mind after further reflection.) I need not determine whether the Act specifically exempts plaintiff's employment contract because lumber brokers are "engaged in ... interstate commerce." *Cf.*

*American Postal Workers Union v. U.S. Postal Serv.,* 823 F.2d 466, 473 (11th Cir. 1987) (employment contracts for postal workers are exempt from the Act because postal workers are actually engaged in interstate commerce).

## II. The Contract is Enforceable

Besides requiring arbitration, the parties' agreement also provides that Illinois law applies to disputes and that a Chicago court will hear disputes not subject to arbitration. Plaintiff contends that the agreement is not enforceable because it is a contract of adhesion and against Oregon public policy. Plaintiff also contends that he received no new consideration for entering into the agreement and that defendant required him to sign.

■ Oregon generally favors arbitration clauses. *See* ORS 36.305; *Molodyh v. Truck Ins. Exchange,* 77 Or.App. 619, 625, 714 P.2d 257 (1986), *aff'd,* 304 Or. 290, 744 P.2d 992 (1987). Forum selection clauses are prima facie valid and enforceable unless enforcement would be unreasonable or unjust, or fraud or overreaching are present. *Manetti–Farrow, Inc. v. Gucci Am., Inc.,* 858 F.2d 509, 514 (9th Cir.1988); *cf. Reeves v. Chem Indus. Co.,* 262 Or. 95, 98, 495 P.2d 729 (1972) (applying similar standard under Oregon law). The opposing party must show that trial in the contractual forum would be so difficult that the party would effectively be deprived of its day in court. *Manetti–Farrow,* 858 F.2d at 515.

■ Plaintiff has not shown that the challenged provisions of the employment agreement are unfair or unreasonable. Plaintiff had notice of the provisions. Chicago is a reasonable place for resolving the parties' disputes. *See Carnival Cruise Lines, Inc. v. Shute,* 499 U.S. 585, 594–95, 111 S.Ct. 1522, 1527–28, 113 L.Ed.2d 622 (1991) (Florida was reasonable forum despite alleged hardship on Washington plaintiffs).

■ Plaintiff cites *Colonial Leasing Co. of New England v. Pugh Bros. Garage,* 735 F.2d 380, 382 (9th Cir.1984), which applied Oregon law to invalidate the forum selection clause in a form lease. However, in diversity

actions, federal law applies to forum selection clauses. *Manetti–Farrow,* 858 F.2d at 512–13.

Even if Oregon law did apply, in *Colonial Leasing* the clause was hidden in fine print at the bottom of a page and the lessees were unaware that they were dealing with an Oregon company. Here, the disputed clauses were clearly set out in the same size type as the rest of the contract. Plaintiff does not contend that he was unaware of the clauses. He knew that he was dealing with an Illinois business. Although he did not have a lawyer, that alone does not show such unequal bargaining power as to set aside the contract. The contract itself shows that plaintiff had quite a bit of independence.

I conclude that the arbitration, forum selection, and choice of law provisions here are enforceable. Even though the Federal Arbitration Act does not apply, the arbitration and forum selection provisions require that I grant defendant's motion to dismiss for lack of subject matter jurisdiction. *See Pauly v. Biotronik, GmbH,* 738 F.Supp. 1332, 1335–36 (D.Or.1990).

### CONCLUSION

Defendant's motion to dismiss (# 12) is granted. Defendant's motion for protective order (# 20) and plaintiff's motion to compel (# 23) are denied as moot.