2001-NMCA-100

35 P.3d 989

**Nicholas LISANTI and Geraldine Lisanti, Plaintiffs–Appellants,**

v.

**ALAMO TITLE INSURANCE OF TEXAS, a member of the Fidelity National Group of Companies, and Fidelity National Title Insurance Company, Defendants–Appellees.**

No. 21,051.

Court of Appeals of New Mexico.

Sept. 11, 2001.

Certiorari Granted, No. 27,166, Nov. 16, 2001.

Stephanie Landry, Margaret C. Ludewig, Landry & Ludewig, L.L.P., Albuquerque, NM, for Appellants.

Charlotte H. Hetherington, Simons, Cuddy & Friedman, L.L.P., Santa Fe, NM, for Appellees.

## OPINION

ALARID, Judge.

{1} By regulation, every policy of title insurance issued in New Mexico must contain a provision providing for arbitration of disputes arising out of or relating to the policy. Where the amount of insurance is $1 million or less, either party may require the other to submit to arbitration. Appellee, an insurer, invoked this provision to force Appellants, who are insured under a policy of title insurance issued by Appellee, to litigate their dispute before a panel of private arbitrators. Appellants argue that mandatory arbitration of their common-law claims pursuant to this provision violates their constitutional right to trial by jury. Appellants also argue that a regulation providing for mandatory arbitration of their statutory causes of action cannot override the Legislature's provision for judicial determination of these statutory claims. We agree with Appellants and reverse the trial court's order referring this dispute to arbitration.

## BACKGROUND

{2} Title insurance is subject to the New Mexico Title Insurance Law, NMSA 1978, §§ 59A–30–1 to –15 (1985, as amended through 1999). Subsection A of Section 59A–30–4 provides that "[t]he superintendent shall promulgate such rules and regulations as are necessary to carry out the provisions of the New Mexico Title Insurance Law, including rules and regulations requiring uniform forms of policies...." (Citation omitted). Section 59A–30–5 provides that "[n]o title insurer or title insurance agent shall use any form of title insurance policy other than the uniform forms promulgated by the superintendent...." In the exercise of this statutory authorization, the superintendent has promulgated a uniform title insurance policy containing the following provision relating to arbitration:

> Unless prohibited by applicable law, either the Company or the insured may demand arbitration pursuant to the Title Insurance Arbitration Rules of the American Arbitration Association. Arbitrable matters may include, but are not limited to, any controversy or claim between the Company and the insured arising out of or relating to this policy.... All arbitrable matters when the Amount of Insurance is $1,000,000 or less shall be arbitrated at the option of either the Company or the insured.... Arbitration pursuant to this policy ... shall be binding upon the parties....

13 NMAC § 13.18.14 (1986) renumbered as 13 NMAC 14.6.A.8 through 14.6A.12 (2000).

{3} In November 1995, Appellee, Alamo Title Insurance of Texas (Alamo)[1], issued a policy of title insurance insuring title to property located in Torrance County. Appellants, Nicholas and Geraldine G. Lisanti (the Lisantis), are the named insureds. The amount of insurance is $68,818. The policy contains the mandatory arbitration provision quoted above. When a dispute arose between Alamo and the Lisantis, Alamo filed a demand for arbitration, seeking a determination that "[Alamo] has complied with its obligations under the terms of the [policy], and has provided the services it is obligated to provide under the policy provisions .... [and] that the insureds have not sustained any monetary loss for matters covered by the policy."

{4} In response to Alamo's demand for arbitration, the Lisantis filed a complaint in Torrance County District Court. The Lisantis asserted common-law claims against Alamo for breach of contract, breach of the covenant of good faith and fair dealing, and breach of fiduciary duty, and statutory claims for unfair insurance practices and unfair trade practices. The Lisantis sought declaratory relief and damages. The Lisantis asserted a claim directed to the arbitration clause in which they sought a declaration that the arbitration clause is unenforceable and an injunction precluding Alamo from proceeding with arbitration.

{5} The Lisantis accompanied their complaint with a motion for preliminary injunction to prevent Alamo from pursuing arbitration. The Lisantis argued that "having to arbitrate the claims in this case would cause Plaintiffs irreparable harm by depriving Plaintiffs of access to the courts, due process, and their right to a jury trial." Citing *Bd. of Educ. of Carlsbad Mun. Schs. v. Harrell*, 118 N.M. 470, 476, 882 P.2d 511, 517 (1994), the Lisantis argued that an arbitration provision required by regulation was not an enforceable agreement to arbitrate. On December 9, 1999, the trial court denied the Lisantis' motion for preliminary injunction and ordered that the present action be stayed "until completion of arbitration." On January 20, 2000, the trial court entered an order staying arbitration pending appeal.

## STANDARD OF REVIEW

{6} Although this case comes before us from a denial of a preliminary injunction, we believe that the trial court's ruling is more properly viewed as the denial of a stay of arbitration, and therefore, the proper analytical framework is provided by NMSA 1978, § 44-7-2(B) (1971) rather than Rule 1-065 NMRA 2001. Unlike the grant of a preliminary injunction, the grant of a stay under Section 44-7-2(B) is not a matter of discretion: if there is no agreement to arbitrate, or if the purported agreement is unenforceable, arbitration must be stayed. Where, as here, the operative facts are not in dispute, denial of a stay of arbitration presents a pure question of law, subject to de novo review. *See DMS Properties-First, Inc. v. P.W. Scott Assoc., Inc.*, 748 A.2d 389, 391 (Del.2000).

## DISCUSSION

{7} Alamo argues the Lisantis contractually waived the right to a judicial resolution of their dispute with Alamo by entering into a contract containing an arbitration clause. We disagree. Under *Harrell*, the Lisantis cannot be said to have voluntarily consented to arbitration by entering into a contract containing an arbitration clause imposed on them by the State: their "putative agreement" was a "nonconsensual submission" to state-compelled arbitration. 118 N.M. at 476, 882 P.2d at 517; *see also Massey v. Farmers Ins. Group*, 837 P.2d 880, 883 (Okla.1992) (holding that legislature may not waive insured's right to jury trial by enacting statute that requires all fire insurance policies to include provision for binding appraisal); *Molodyh v. Truck Ins. Exch.*, 304 Or. 290, 744 P.2d 992, 995 (1987) (rejecting argument that insured waived right to jury trial by entering into contract containing mandatory appraisal provision).

{8} The Lisantis argue that binding state-compelled arbitration abridges their

1. According to the Complaint, Defendant Alamo has merged with Defendant Fidelity National Title Insurance Company.

right to a jury trial of their common-law counts. We agree. Article II, Section 12 of the New Mexico Constitution provides that "[t]he right of trial by jury as it has heretofore existed shall be secured to all and remain inviolate." "[T]he phrase 'as it has heretofore existed' refers to the right to jury trial as it existed in the Territory of New Mexico at the time immediately preceding the adoption of the Constitution." *State v. Greenwood,* 63 N.M. 156, 161, 315 P.2d 223, 226 (1957).

{9} Alamo, citing *Harrell,* argues that the State, in the exercise of its police powers, may assign any claim, including legal claims traditionally triable to a jury, to a non-judicial forum in which there is no right to a jury. Alamo misreads *Harrell.* In *Harrell,* the Supreme Court relied upon the "public rights" exception to the right to jury trial in rejecting the argument that mandatory arbitration abridged the right to jury trial guaranteed by the New Mexico Constitution. The Supreme Court's statement in *Harrell* regarding the Legislature's authority to reassign legal claims cognizable at common law to administrative tribunals, *Harrell,* 118 N.M. at 482, 882 P.2d at 523 (citing *Granfinanciera, S.A. v. Nordberg,* 492 U.S. 33, 42 n. 4, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989)), must be read in the context of the Supreme Court's reliance on the public rights exception. *See Granfinanciera,* 492 U.S. at 51–52, 109 S.Ct. 2782 ("Congress may devise novel causes of action involving public rights free from the strictures of the Seventh Amendment.... But it lacks the power to strip parties contesting matters of private right of their constitutional right to a trial by jury."). The right to jury trial could scarcely be considered "inviolate" if, as Alamo argues, the State has complete freedom to reassign private claims traditionally triable to a jury to non-judicial tribunals in which a jury is unavailable. *See* Charles W. Wolfram, *The Constitutional History of the Seventh Amendment,* 57 Minn. L.Rev. 639, 664 (1973) (noting argument offered in support of Seventh Amendment that inclusion of constitutional guarantee of trial by jury would safeguard right from "misguided national legislature").

{10} Our review of early New Mexico cases satisfies us that contract actions seeking money damages were routinely tried to juries during the territorial period. *E.g., Lewis v. Baca,* 5 N.M. 289, 21 P. 343 (1889); *Smith v. Hicks,* 14 N.M. 560, 98 P. 138 (1908); *see also, Molodyh,* 744 P.2d at 996 (collecting cases; noting that "a jury trial on factual issues concerning an insurance policy long has been an established practice in this country."). All three of the Lisantis' common-law claims are contractual, UJI 13–1702 NMRA 2001, Committee comment; UJI 13–1708 NMRA 2001, Committee comment, and all three seek the legal relief of money damages. N.M. Const. art II, § 12 therefore guarantees the Lisantis a jury trial as to these claims. The Lisantis' may insist on having their common-law claims resolved in a court of law where trial by jury is available. *See Williams v. Williams,* 110 Nev. 830, 877 P.2d 1081 (1994) (holding that statutorily-mandated arbitration of claims arising out of motor vehicle accident unconstitutionally interfered with right of jury trial).

{11} With respect to their statutory claims, the Lisantis argue that the mandatory arbitration clause promulgated by the superintendent conflicts with NMSA 1978 § 59A–16–30 (1990), which provides that any person who has suffered damages as the result of a prohibited insurance practice "is granted a right to bring an action in district court to recover actual damages," and with NMSA 1978, § 57–12–10 (1967, as amended through 1987) which contemplates that any private action seeking redress for an unfair or deceptive trade practice will be brought in a "court." We agree. The Legislature's specific designation of courts as the proper tribunal for resolution of these statutory claims controls over any inconsistent forum selection provision imposed by the superintendent of insurance. *See Jones v. Employment Serv. Div. of the Human Servs. Dep't,* 95 N.M. 97, 99, 619 P.2d 542, 544 (1980) ("If there is a conflict or inconsistency between statutes and regulations promulgated by an agency, the language of the statutes shall prevail. An agency by regulation cannot overrule a specific statute."). The Lisantis may insist on having their statutory claims heard in a court of law.

## CONCLUSION

{12} The trial court's order referring the Lisantis' claims to arbitration is reversed. On remand the trial court shall enter an order staying arbitration. The Lisantis' request for attorney's fees incurred in prosecuting this appeal is denied without prejudice. The Lisantis may apply to the trial court for an award of such fees should the Lisantis prevail on a cause of action as to which there is a right to attorney's fees. Costs incurred by the Lisantis in prosecuting this appeal shall be allowed as provided in Rule 12–403 NMRA 2001.

{13} **IT IS SO ORDERED.**

WE CONCUR: MICHAEL D. BUSTAMANTE, Judge, CYNTHIA A. FRY, Judge.