Dano **MAGO,** Plaintiff–Appellee,

v.

**SHEARSON LEHMAN HUTTON INC.;** Joseph Ulloa, Defendants– Appellants.

No. 90–55926.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 15, 1991 *.

Decided Feb. 14, 1992.

---

\* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Jeffrey L. Friedman, Shearson Lehman Brothers Inc., New York City, Geraldine Darrow, Keesal, Young & Logan, Long Beach, Cal., for defendants-appellants.

Stanley R. Raskin, Ward, Gaunt & Raskin, Torrance, Cal., for plaintiff-appellee.

Before WALLACE, Chief Judge, GOODWIN and KOZINSKI, Circuit Judges.

WALLACE, Chief Judge:

Shearson Lehman Hutton Inc. (Shearson) appeals from the district court's order denying its motion to stay the proceedings and to compel arbitration. The district court invoked jurisdiction under 28 U.S.C. § 1343(a)(4) and 42 U.S.C. § 2000e–5(f)(3). We have jurisdiction over this timely appeal pursuant to 9 U.S.C. § 16. We reverse and remand.

I

Mago was an employee of E.F. Hutton at the time it was acquired by Shearson. After the acquisition, Mago completed and signed an employment application for

Shearson. The application contained an agreement requiring Mago to arbitrate any controversy concerning compensation, employment or termination of employment with Shearson. Mago later commenced this Title VII action against Shearson, alleging sexual harassment and gender discrimination. 42 U.S.C. § 2000e–2 (1982).

■ Shearson moved to stay the proceedings and compel arbitration under the terms of the employment agreement. The district court denied Shearson's motion, holding that the arbitration agreement was unenforceable. We review de novo the district court's order. *C.H.I. Inc. v. Marcus Brothers Textile, Inc.*, 930 F.2d 762, 763 (9th Cir.1991) (*C.H.I.*).

## II

Mago argues that the district court's refusal to compel arbitration should be upheld because: (1) the arbitration agreement was an unenforceable contract of adhesion, and (2) Congress did not intend Title VII disputes to be subject to arbitration. We address both of these contentions.

## A.

■ Mago relies on California law for her argument that the arbitration agreement is an unenforceable adhesion contract. *See Graham v. Scissor–Tail, Inc.*, 28 Cal.3d 807, 819–20, 171 Cal.Rptr. 604, 623 P.2d 165 (1981) (adhesion contract not enforceable if provisions fall outside reasonable expectations of weaker party). However, "[w]e have previously held that state law adhesion principles may not be invoked to bar arbitrability of disputes under the [Federal] Arbitration Act." *Cohen v. Wedbush, Noble, Cooke, Inc.*, 841 F.2d 282, 286 (9th Cir.1988). The applicability of the Federal Arbitration Act (Act), 9 U.S.C. §§ 1–14, in this context is an unresolved question. *Gilmer v. Interstate/Johnson Lane Corp.*, —— U.S. ——, 111 S.Ct. 1647, 1651 n. 2, 114 L.Ed.2d 26 (1991) (*Gilmer*). Because Mago did not contest the applicability of the Act, we are under no obli-

gation to reach that issue. Mago may raise this argument on remand.

The Court has suggested in dicta that an arbitration agreement may be unenforceable under principles of federal law: "courts should remain attuned to well-supported claims that the agreement to arbitrate resulted from the sort of fraud or overwhelming economic power that would provide grounds for the revocation of any contract." *Id.* at 1656 (internal quotations omitted); *cf. C.H.I.*, 930 F.2d at 763–64.

The Act provides that "[i]f the making of the arbitration agreement ... be in issue, the court shall proceed summarily to the trial thereof." 9 U.S.C. § 4. The Supreme Court has held, however, that to state a claim, the plaintiff must not attack the entire contract, but rather the arbitration agreement only:

> if the claim is fraud in the inducement of the arbitration clause itself—an issue which goes to the "making" of the agreement to arbitrate—the federal court may proceed to adjudicate it. But the statutory language does not permit claims of fraud in the inducement of the contract generally.

*Prima Paint Corp. v. Flood & Conklin Manufacturing Co.*, 388 U.S. 395, 403–04, 87 S.Ct. 1801, 1805–06, 18 L.Ed.2d 1270 (1967) (footnote omitted).

■ The present record is not sufficiently developed for us to determine whether Mago's attack on the arbitration clause in her "Application for Employment" is separate from an attack on the contract as a whole. Mago was already employed by Shearson at the time the application was signed. Thus, the purpose of the application and its relationship to Mago's contract of employment with Shearson is an issue better left in the first instance to the district court. Mago raised the issue of adhesion in the district court. However, because the district judge declined to enforce the arbitration clause as a matter of law, the adhesion issue was not reached. A claim of "unequal bargaining power is best left for resolution in specific cases." *Gil-*

*mer,* 111 S.Ct. at 1656. Therefore, we remand to the district court for a determination on the factual issue of adhesion.

### B.

Mago also argues that Congress intended to prohibit arbitration of Title VII disputes. Mago, as the party opposing the arbitration, bears the burden of showing "that Congress intended to preclude a waiver of judicial remedies for the statutory rights at issue." *Shearson/American Express, Inc. v. McMahon,* 482 U.S. 220, 227, 107 S.Ct. 2332, 2337, 96 L.Ed.2d 185 (1987). If such an intention exists, it will be deductible from the text of Title VII, its legislative history, or an "inherent conflict" between arbitration and the underlying purposes of Title VII. *Id.*

The district court relied on *McDonald v. City of West Branch,* 466 U.S. 284, 104 S.Ct. 1799, 80 L.Ed.2d 302 (1984), in declining to enforce the arbitration agreement. In *McDonald,* the Court stated that "Congress intended the statutes at issue in those cases to be judicially enforceable and that arbitration could not provide an adequate substitute for judicial proceedings in adjudicating claims under those statutes." *Id.* at 289, 104 S.Ct. at 1802, *citing Barrentine v. Arkansas–Best Freight System, Inc.,* 450 U.S. 728, 740–46, 101 S.Ct. 1437, 1444–48, 67 L.Ed.2d 641 (1981) (Fair Labor Standards Act claim), and *Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 56–60, 94 S.Ct. 1011, 1023–1025, 39 L.Ed.2d 147 (1974) (Title VII claim).

Since the district court order, however, the Supreme Court rejected the argument that the *Alexander* line of cases illustrates Congress's intent to preclude arbitration in a commercial contract setting. In *Gilmer,* the Court, as one of its reasons for distinguishing *Alexander* and its progeny, pointed out that they involved labor arbitration clauses in collective-bargaining agreements. 111 S.Ct. at 1656. *Gilmer,* in contrast, involved a privately negotiated commercial arbitration agreement. The Court reasoned that *Alexander* and other labor arbitration cases were concerned with the tension between collective representation and individual statutory rights. *Id.* at 1656–57. The Court concluded that these concerns were inapplicable to the privately negotiated contract in *Gilmer. Id.* at 1657.

The Supreme Court's treatment of *Alexander* in *Gilmer* is dispositive here. Like *Gilmer,* the arbitration agreement between Mago and Shearson was privately negotiated. Although *Gilmer* involved a claim under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §§ 621–624, rather than the Title VII claim brought by Mago, both statutes are similar in their aims and substantive provisions. *Lorillard v. Pons,* 434 U.S. 575, 584, 98 S.Ct. 866, 872, 55 L.Ed.2d 40 (1978); *see also Cooper v. Asplundh Tree Expert Co.,* 836 F.2d 1544, 1554 (10th Cir.1988) (Title VII arbitration decisions should apply to ADEA cases because both statutes are similar). Therefore, we conclude that Mago has not met her burden of showing that Congress, in enacting Title VII, intended to preclude arbitration of claims under the Act.

Thus, we hold that the district court erred in denying Shearson's motion to stay the proceedings and compel arbitration.

REVERSED AND REMANDED.