963 F.2d 378
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Lauryn BIERDEMAN, Plaintiff-Appellee,
v.
SHEARSON LEHMAN HUTTON INC., Defendant-Appellant.
 No. 90-16024.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 7, 1991.
Submission Deferred Oct. 17, 1991.
Resubmitted May 13, 1992.
Decided May 28, 1992.
 
 Before TANG, REINHARDT and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Lauryn Agnew Bierdeman filed suit against her former employer, Shearson Lehman Hutton Inc. ("Shearson"), alleging sex discrimination in violation of Title VII, 42 U.S.C. § 2000e-2(a)(1) (1981). At the beginning of her employment with Shearson, Bierdeman executed a Uniform Application for Securities Industry Registration. The application form, among other things, required Bierdeman to arbitrate any dispute between Shearson and herself arising out of her employment. Shearson filed a motion for a stay of the district court proceedings pending arbitration. The district court denied the motion on the ground that Title VII cases are not arbitrable. Shearson timely noticed its appeal to this court. We reverse and remand.
 
 
 3
 This court recently ruled that Title VII disputes are arbitrable. Mago v. Shearson Lehman Hutton Inc., 956 F.2d 932, 935 (9th Cir.1992) The district court's contrary conclusion was erroneous.
 
 
 4
 Bierdeman argues, alternatively, that her agreement to arbitrate is not subject to the Federal Arbitration Act because it arises from a contract of employment. The Federal Arbitration Act expressly excludes from its provisions "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce." 9 U.S.C. § 1 (1970). We reject Bierdeman's argument for two reasons.
 
 
 5
 First, this argument was not raised below. We ordinarily will not entertain arguments raised for the first time on appeal. Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir.1985).
 
 
 6
 Second, the Supreme Court has held that arbitration agreements arising from a securities registration application do not constitute "contracts of employment" within the meaning of 9 U.S.C. § 1, and are in fact subject to the Federal Arbitration Act. Gilmer v. Interstate/Johnson Lane Corp., --- U.S. ----, 111 S.Ct. 1647, 1651-52 n. 2 (1991); see also Alford v. Dean Witter Reynolds, Inc., 939 F.2d 229, 230 n. * (5th Cir.1991).
 
 
 7
 REVERSED and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3