116 F.3d 1485
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
BORG-WARNER PROTECTIVE SERVICES CORPORATION, d/b/a BURNS
INTERNATIONAL SECURITY SERVICES, Plaintiff-Appellant,
v.
Sheila GOTTLIEB, Defendant-Appellee.
 No. 95-56153.
 United States Court of Appeals, Ninth Circuit.
 June 25, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-95-01709-RAP; Richard A. Paez, District Judge, Presiding.
 Before: FLETCHER and TROTT, Circuit Judges, and JENKINS,* District Judge.
 MEMORANDUM**
 We must decide whether an at-will employee who, as a condition of her continued employment, signed an agreement to arbitrate any dispute she may have with her employer, did so voluntarily. We conclude that requiring execution of an arbitration agreement as a condition of continuing at-will employment does not constitute economic duress or coercion. Accordingly, we reverse the decision of the district court ordering a jury trial on the factual issue of whether the agreement was voluntary. There is nothing inherently unfair about the arbitration agreement, and it is binding and enforceable.
 I.
 In October 1991, Borg-Warner Protective Services Corporation, d/b/a Burns International Security Services ("Burns") hired Sheila Gottlieb as a personnel specialist, an at-will position. Approximately two weeks after she commenced work at Burns, her supervisor required Gottlieb to sign a "Pre-Dispute Resolution Agreement" ("the Arbitration Agreement") as a condition of continued employment. She also was asked to back-date her signature on the Arbitration Agreement to coincide with her starting date two weeks earlier.
 The Arbitration Agreement required the parties to arbitrate, under the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1--16, any action relating to Gottlieb's "recruitment, employment with, or termination of employment from the Company...." In the agreement, Gottlieb "agrees to waive ... her ... right to a trial by jury, and further agrees that no demand, request or motion will be made for trial by jury." It further specified that the Arbitration Agreement "will cover all matters directly or indirectly related to your recruitment, employment or termination of employment by the Company; including, but not limited to, claims involving laws against discrimination whether brought under federal and/or state law." The Arbitration Agreement specifically advised Gottlieb to "please read carefully" and stated that she "may wish to consult an attorney prior to signing this agreement." Gottlieb did not consult an attorney, however. She claims she signed the Arbitration Agreement because she had no choice since she could not afford to lose her job.
 After two-and-one-half years at Burns, Gottlieb was terminated. She subsequently filed an action against Burns in California state court for wrongful termination in violation of public policy claiming religious discrimination under the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code §§ 12900--12996, and for several common law torts based on events that occurred prior to her termination.
 Pursuant to the terms of the Arbitration Agreement, Burns made a demand for arbitration before the American Arbitration Association. However, Gottlieb refused to arbitrate. Burns commenced this proceeding in Federal District Court to compel arbitration under the FAA, 9 U.S.C. § 4, and California law governing enforcement of agreements to arbitrate, Cal. Civ. Pro.Code §§ 1280-1281.8, and to stay the state court action under 9 U.S.C. § 3 and 28 U.S.C. § 2283.
 In opposition to Burns' motion to compel arbitration, Gottlieb filed a Counterclaim seeking rescission of the Arbitration Agreement based on fraud, violation of California public policy, breach of contract, lack of consideration, economic duress, and undue influence. Gottlieb submitted an affidavit declaring that she signed the Arbitration Agreement because she was told that she had to do so or she would be terminated and that she did not want to, and could not afford to, lose her job. In its reply, Burns did not dispute the facts as alleged by Gottlieb; instead, Burns argued that, even assuming the facts as alleged by Gottlieb are true, requiring an at-will employee to sign an arbitration agreement as a condition of continued employment does not constitute economic duress.
 The district court concluded that there was a genuine issue of material fact as to whether Gottlieb signed the Arbitration Agreement voluntarily. Therefore, the district court denied Burns' motion to compel arbitration and ordered a jury trial on that issue. Burns timely appealed.
 The district court had jurisdiction based on diversity of citizenship. 28 U.S.C. § 1332(a). Burns appeals under Section 16(a) of the FAA which allows an immediate appeal from an order refusing to compel arbitration under the Act. 9 U.S.C. § 16(a).
 II.
 The district court denied Burns' motion to compel arbitration under the FAA because it concluded that triable issues remained regarding whether Gottlieb voluntarily entered into the Arbitration Agreement. Burns contends that as a matter of law, even accepting all of Gottlieb's allegations as true, requiring an employee to sign an arbitration agreement as a condition of continued employment does not vitiate the voluntariness of the agreement. Therefore, argues Burns, the district court erred in denying the motion to compel.
 The decision of the district court concerning whether a dispute should be referred to arbitration is a question of law. Dean Witter v. Reynolds, Inc. v. Byrd, 470 U.S. 213 (1985) (the FAA, by its terms, leaves no place for the exercise of discretion by a district court). Thus, we review the denial of Burns' motion to compel arbitration de novo. United Food Commercial Workers Union, Local 770 v. Geldin Meat Co., 13 F.3d 1365, 1368 (9th Cir.1994).
 It is well established that discrimination claims may be the subject of compulsory arbitration enforceable under the FAA. Nghiem v. NEC Electronic, Inc., 25 F.3d 1437, 1440-41 (9th Cir.1994) (discrimination claim subject to arbitration despite change in Title VII affording a right to trial by jury); Mago v. Shearson Lehman Hutton Inc., 956 F.2d 932, 935 (9th Cir.1992). State law discrimination claims, such as those raised in the underlying state court proceedings, are also properly subject to the FAA. Prudential Ins. Co. v. Lai, 42 F.3d 1299, 1303 n. 1 (9th Cir.1994) ("[T]he FAA has the same application to state law claims....").
 The FAA places arbitration agreements on the same footing as other contracts. Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 33 (1990). Therefore, arbitration agreements are enforceable "save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. Gottlieb claims that the Arbitration Agreement is unenforceable because she did not enter into it voluntarily. She argues that the employer's requirement that she "sign or be fired" when she was financially dependent upon her employment constituted coercion and economic duress.
 Gottlieb argues that, under Prudential, a trier of fact could conclude that she did not "voluntarily" sign the arbitration agreement. In Prudential we held that, although an agreement to arbitrate Title VII claims can be valid, the agreement at issue was not binding because the employees did not knowingly contract to forego their statutory remedies in favor of arbitration, the agreement was not binding.[1] 42 F.3d at 1304-05. Although Prudential did not explicitly hold that an arbitration agreement must also be entered into voluntarily, Gottlieb contends that the public policies animating our decision in Prudential compel a voluntariness requirement as well as a knowledge requirement. Assuming arguendo that she is correct, Gottlieb has presented no evidence from which a reasonable trier of fact could conclude that she did not enter into the agreement voluntarily.
 Gottlieb was an at-will employee and, as such, could be fired at any time without cause. The fact that she "needed the job" does not make her consent to the arbitration agreement coerced or involuntary. C.H.I. Inc. v. Marcus Bros. Textile, Inc., 930 F.2d 762, 763 (9th Cir.1991) (financial necessity to accept a contract requiring arbitration does not constitute economic duress); see also Cohen v. Wedbush, Noble, Cooke, Inc., 841 F.2d 282, 286 (9th Cir.1988) (rejecting contention that arbitration agreement is an unconscionable adhesion contract simply because all securities brokers are required to execute them). The fact that there is an inherent inequality in bargaining power between the parties does not change this result. The Supreme Court has made clear that although "there often will be unequal bargaining power between employers and employees[,][m]ere inequality in bargaining power ... is not a sufficient reason to hold that arbitration agreements are never enforceable in the employment context." Gilmer, 500 U.S. at 33.
 The Supreme Court has cautioned that "courts should remain attuned to well-supported claims that the agreement to arbitrate resulted from the sort of fraud or overwhelming economic power that would provide grounds 'for the revocation of any contract.' " Id. (quoting Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth. Inc., 473 U.S. 614, 627 (1985)). According to Gottlieb, the fact that she was threatened with loss of employment if she failed to sign the agreement two weeks after she began working constitutes "grounds for the revocation of the contract." The district court agreed with Gottlieb that a threat to terminate an at-will employee may constitute coercion. Whether a threat constitutes coercion depends on what is sought by the employer. The threat of losing at-will employment if the employee refuses a lawful request does not constitute "fraud" or "overwhelming economic power." As in Gilmer, there is no indication Gottlieb was coerced or defrauded into agreeing to the arbitration clause. See id. Because the Arbitration Agreement was entered into voluntarily, it is fully enforceable.
 Consistent with the "liberal federal policy favoring arbitration agreements," id. at 25, we reverse the district court order and remand to the district court with instructions to grant Burns' motion to compel arbitration.
 REVERSED and REMANDED.
 
 
 
 *
 Honorable Bruce S. Jenkins, Senior United States District Judge for the District of Utah, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Gottlieb does not claim that she did not "knowingly" enter into the Arbitration Agreement. Nor could she. The Arbitration Agreement is short and unambiguous. It clearly states that by signing the Arbitration Agreement the employee is forfeiting the valuable right to trial by jury. Further, it specifies that the scope to the Arbitration Agreement includes "claims involving laws against discrimination whether brought under federal and/or state law." Finally, the Arbitration Agreement encourages the employee to seek the advice of counsel before signing