UNITED STATES COURT OF APPEALS
FOR THE FIRST CIRCUIT


No. 97-1950

COASTAL OIL OF NEW ENGLAND, INC.,

Plaintiff, Appellant,

v.

TEAMSTERS LOCAL A/W
INTERNATIONAL BROTHERHOOD OF TEAMSTERS,

Defendant, Appellee.



APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Reginald C. Lindsay, U.S. District Judge] 



Before

Torruella, Chief Judge, 

Campbell, Senior Circuit Judge, 

and Lynch, Circuit Judge. 



Alan S. Miller, with whom Stoneman, Chandler & Miller LLP 
was on brief for appellant.
Christine L. Nickerson, with whom Matthew E. Dwyer and Dwyer 
& Jenkins, P.C. were on brief for appellee. 



January 23, 1998


TORRUELLA, Chief Judge. Although this appeal presents TORRUELLA, Chief Judge. 

a somewhat novel question, the answer is more mundane.

Appellant employer Coastal Oil of New England, Inc.,

filed an Application to Vacate an arbitration award in the

Superior Court of the Commonwealth of Massachusetts on the

grounds that the arbitrator had exceeded his authority. Appellee

labor organization Teamsters Local Union No. 25 A/W International

Brotherhood of Teamsters removed the matter to the United States

District Court for the District of Massachusetts. See 28 U.S.C. 

1441, 1331; 29 U.S.C. 185(a). Both parties filed cross

motions for summary judgment, whereupon the court ruled against

appellant and denied vacation of the arbitration award. Instead,

the district court granted appellee's request that the award be

enforced. Final judgment was entered thereafter and this appeal

followed.

Appellant operates three separate facilities in

Massachusetts, including one in Revere and one in Chelsea.

Although they are all represented for collective bargaining

purposes by appellee, the employees in each of the three

facilities belong to separate bargaining units and are covered by

discrete collective bargaining agreements. 

Joseph Abruzzese, a yardman within the Revere

bargaining unit, was injured in a work-related accident in 1991,

forcing him to take a leave of absence, during which he received

benefits under the Massachusetts Worker's Compensation Act.

Mass. Gen. Laws ch. 152, 1 et seq. In August 1995, when 

-2-

Abruzzese sought to return to work, no job openings were

available in the Revere unit. Nevertheless, appellant and

appellee reached an agreement that Abruzzese would be reinstated

to the next available position. Subsequently, Abruzzese learned

that a yardman position was available in the Chelsea unit, the

same job that he had previously had in the Revere unit. He

applied for that slot through his union, appellee. Appellant

refused the request, contending that Abruzzese only had a right

to reinstatement in the Revere unit. After appellant hired

someone else to the Chelsea position, appellee filed a grievance

pursuant to the Revere contract.

Eventually, the dispute was heard before an arbitrator.

After hearing the evidence, the arbitrator concluded that the

issue to be decided was "whether the Company violated the

[Revere] Agreement when it refused to place Joseph Abruzzese . .

. in a position of yardman at the Company's Chelsea terminal . .

. ." Thereafter, the arbitrator concluded that Article XIV,

Section 10(a) of the Revere Agreement, which incorporated the

Massachusetts Worker's Compensation Law, mandated the employment

of Abruzzese at the open position in Chelsea. Appellant was thus

ordered to reinstate him to the Chelsea position and to make him

whole as to back pay and lost benefits.

Appellant's challenge to the district court's rulings

stems from its contention that the arbitrator exceeded his

authority under the Revere collective bargaining agreement by

ordering the employment of a member of that unit into the Chelsea

-3-

unit. As a corollary to that issue, appellant claims that the

arbitrator lacked authority to interpret the Worker's

Compensation Act.

Labor arbitration is the product of the private will of

voluntarily consenting parties. Thus, the starting point, and in

a real sense the finishing one in this, as in most challenges to

arbitration awards, is the language of the collective bargaining

contract. Such language establishes the parameters of the

arbitrator's authority.

We commence our quest for the answers to the issues

raised by this appeal with a reading of Article XVIII of the

Revere Agreement entitled "Grievance Procedure," which provides

in Section 2, in effect, that in exchange for labor peace "during

the life of this Agreement[,] . . . any question of

interpretation, enforcement, adjustment or grievance . . .

between the employer and the Union and his employees which cannot

be adjusted[,] . . . shall be referred . . . to . . .

arbitration[,] . . . [which] . . . decision . . . shall be final

and binding upon both parties."

We next proceed to the specific provision upon which

the arbitrator relied for his ruling, Article XIV, Section 10(a)

of the Revere contract. It states that: 

The Company shall either carry worker's
compensation or, in the event of an injury to an
employee, shall provide said employee with the
same benefits and payments and in the same manner
as provided by the provisions of the Worker's
Compensation Law (Massachusetts G.L., Chapter

-4-

152) and Amendments thereto, up to and including
the date of the signing of this Agreement.

We thus come to Section 75A of the Massachusetts

Worker's Compensation statute, which the arbitrator found

applicable to the submitted grievance under the previously cited

contractual provision, and which he interpreted to require that

Abruzzese be reinstated to the Chelsea position notwithstanding

his previous employment outside that unit. Section 75A reads as

follows:

Any person who has lost a job as a result of an
injury compensable under this chapter shall be
given preference in hiring by the employer for
whom he worked at the time of compensable injury
over any persons not at the time of application
for re-employment employed by such employer;
provided, however, that a suitable job is
available. Actions may be filed under this
section with the superior court department of the
trial court for the county in which the alleged
violation occurred. An employer found to have
violated this section shall be exclusively liable
to pay to the employee lost wages, shall grant
the employee a suitable job, and shall reimburse
such reasonable attorney fees incurred in the
protection of rights granted by this section as
shall be determined by the court.

In the event that any right set forth in this
section is inconsistent with an applicable
collective bargaining agreement or chapter
thirty- one, the collective bargaining agreement
or said chapter thirty-one shall prevail.

Although we have often stated the following principle,

due to the number of groundless appeals that have come before us

challenging arbitration awards, it bears repeating that:

"[j]udicial review of an arbitration award is among the narrowest

known to the law." Maine Cent. R.R. Co. v. Brotherhood of 

Maintenance of Way Employees, 873 F.2d 425, 428 (1st Cir. 1989). 

-5-

For courts "do not sit to hear claims of factual or legal error

by an arbitrator[,] as an appellate court does in reviewing

decisions of lower courts." United Paperworkers Int'l Union v. 

Misco, 484 U.S. 29, 38 (1987). In fact, "[f]ederal court review 

of arbitral decisions is extremely narrow and extraordinarily

deferential." Service Employees Int'l Union v. Local 1199, N.E., 

70 F.3d 647, 651 (1st Cir. 1995).

"[A] court should uphold an award that depends on the

arbitrator's interpretation of a collective bargaining agreement

if it can find, within the four corners of the agreement, any

plausible basis for that interpretation." El Dorado Technical 

Servs., Inc. v. Uni n General de Trabajadores de Puerto Rico, 961 

F.2d 317, 319 (1st Cir. 1992). That a court would have decided

an issue differently is not a basis for overruling an arbitrator

if the arbitrator "even arguably acted within the scope of his

authority." Misco, 484 U.S. at 38. 

Absent a claim that the award is against an explicit,

well-defined, and dominant public policy, see Service Employees 

Int'l Union, 70 F.3d at 652, the scope of review is limited to 

claims that the arbitrator's decision is: "(1) unfounded in

reason and fact; (2) based on reasoning so palpably faulty that

no judge, or group of judges, ever could conceivably have made

such a ruling; or (3) mistakenly based on a crucial assumption

that is concededly a non-fact." Local 1445 United Food and 

Commercial Workers Int'l Union v. Stop & Shop Cos., 776 F.2d 19, 

21 (1st Cir. 1985). And, of course, "[a]n arbitrator's view of

-6-

the scope of the issue . . . is entitled to the same . . .

deference . . . normally accorded to the arbitrator's

interpretation of the collective bargaining agreement itself."

Larocque v. R.W.F., Inc., 8 F.3d 95, 97 (1st Cir. 1993). Based 

on these well-established principles, the outcome of this appeal

is preordained.

Although the scope of the reinstatement remedy provided

through an arbitral award is usually limited to the contractual

bargaining unit from which the grievance arises, a contrary

result is not unheard of where the parties have bargained to

grant the arbitrator such power. See supra. The parties to the 

collective bargaining agreement, the same entities presently

before us, voluntarily contracted to submit to final and binding

arbitration any question of interpretation of that agreement, or

any grievance involving employees. It cannot be seriously

contended that the underlying controversy submitted to, and

litigated before, the arbitrator does not concern both the

interpretation of the collective bargaining agreement as well as

a grievance involving an employee. How can the arbitrator, in

determining whether appellant lived up to the contractual

obligations mandated by Section 10(a) of Article XIV of the

Revere Agreement, fail to address whether the provisions of the

Massachusetts Worker's Compensation Law, incorporated into that

agreement by Section 10(a), have been met?

The response to this question as well as to appellant's

challenge to the arbitrator's authority to interpret the

-7-

aforementioned Massachusetts statute is self-evident. Obviously,

the arbitrator acted properly and within the scope of his

delegated authority. We can perceive of no valid reason why the

parties could not also agree to have statutory rights enforced

before an arbitral forum. See, e.g., Gilmer v. 

Interstate/Johnson Lane Corp., 500 U.S. 20, 35 (1991) (holding 

ADEA claims to be arbitrable); Bercovitch v. Baldwin Sch., Inc., 

1998 WL 5845, F.3d (1st Cir. 1998) (ADA claims subject to

arbitration); (Patterson v. Tenet Healthcare, Inc., 113 F.3d 832 

(8th Cir. 1997) (extending Gilmer to Title VII claims); Mago v. 

Shearson Lehman Hutton, Inc., 956 F.2d 932, 935 (9th Cir. 1992) 

(extending Gilmer to Title VII claims); Utley v. Goldman Sachs & 

Co., 883 F.2d 184, 186 (1st Cir. 1989) (holding inter alia Title 

VII claims to be arbitrable); cf. Shearson/American Express, Inc. 

v. McMahon, 482 U.S. 220, 238 (1987) (holding Securities Exchange 

Act and RICO claims to be arbitrable); Mitsubishi Motors Corp. v. 

Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 640 (1985) (holding 

Sherman Act claims to be arbitrable).

A cursory reading of that statute leads to the

inevitable conclusion that the arbitrator's ruling in this case

was not only clearly within the powers granted to him in the

collective bargaining agreement, it is substantially the remedy

that the Massachusetts Superior Court would likely have felt

required to grant Joseph Abruzzese given that the appellant is a

single, unitary employer, for workman's compensation purpose. As

a result, its trinary profile, for labor relations purposes, is

-8-

presently irrelevant. We note that our views as to the legal

soundness of the arbitrator's conclusions are largely gratuitous,

for as previously stated, even an erroneous interpretation of the

law by an arbitrator is not subject to judicial review if that

authority has been delegated to the arbitrator, as it was in this

case.

The decision of the district court is AFFIRMED. Costs AFFIRMED 

are granted to appellee.

-9-